IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| CARLOS ANTONIO MENDOSA, | ) | |
| Petitioner, | ) | CIVIL ACTION NO: CV510-004 |
| v. | ) | |
| UNITED STATES OF AMERICA, | ) | (Case No.: CR508-7) |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendant Carlos Antonio Mendosa ("Mendosa"), who is currently incarcerated at the Federal Correctional Institution Low in Yazoo City, Mississippi, filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. The Government filed a Response, and Mendosa filed a Reply. For the reasons which follow, Mendosa's motion should be **DISMISSED**.

## STATEMENT OF THE CASE

Mendosa was sentenced in this Court to 158 months' imprisonment, followed by five (5) years' supervised release, after he pled guilty to conspiracy to possess with intent to distribute, and to distribute, 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 846. Mendosa did not file a direct appeal.

In his Motion, Mendosa asserts that his co-defendant did not receive the same two-level firearm enhancement that he received. Mendosa also asserts that false

AO 72A
(Rev. 8/82)

information obtained from confidential informants was used in preparing his Pre-Sentence Investigation report ("PSI"). Finally, Mendosa asserts that his counsel was ineffective for failing to object to the two-level firearm enhancement he received that his co-defendant did not.

The Government asserts that Mendosa's plea agreement contained a collateral attack waiver, and Mendosa's claims are barred by that waiver.

## DISCUSSION AND CITATION TO AUTHORITY

The Government contends that Mendosa knowingly and voluntarily agreed to the waiver provision contained in his plea agreement, and the waiver is enforceable against him.

It is well-settled that a waiver of appeal[1] provision is enforceable if the waiver is knowing and voluntary. United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001). "'To establish the waiver's validity, the government must show either that (1) the district court specifically questioned the defendant about the provision during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the significance of the waiver.'" United States v. Mottola, No. 09-15803, 2010 WL 3310707, at *1 (11th Cir. Aug. 24, 2010) (quoting United States v. Benitez-Zapata, 131 F.3d 1444, 1446 (11th Cir. 1997)). The fact that a petitioner attempts to challenge his sentence under the guise of an ineffective assistance of counsel claim does not change this result. See Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005) ("[A] valid sentence appeal-waiver, entered into voluntarily and knowingly, pursuant to a plea

---

[1] "Appeal" refers to the right to "appeal or contest, directly or collaterally, [a] sentence." United States v. Bushert, 997 F.2d 1343, 1345 (11th Cir. 1993). Case law concerning waiver of a direct appeal has also been applied to waiver of the right to collateral proceedings. Id. at 1345; see also, Vaca-Ortiz v. United States, 320 F. Supp.2d 1362, 1365-67 (N.D.Ga. 2004).

agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing." (citations omitted)).

Mendosa and his attorney negotiated a plea agreement with the Government, and Mendosa agreed to plead guilty to a lesser included offense of count one of the indictment. A "Limited Waiver of Appeal" was included as part of this plea agreement. This section provided:

> To the maximum extent permitted by federal law, [the] defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the sentence in any post-conviction proceeding, including a [28 U.S.C.] § 2255 proceeding, on any ground, except that: the defendant may file a direct appeal of his sentence if it exceeds the statutory maximum; and the defendant may file a direct appeal of his sentence if, by variance or upward departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court. The defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government appeals the sentence imposed, the defendant may also file a direct appeal of the sentence.

(CR508-7, Doc. No. 903, p. 9, ¶ 4).

Mendosa appeared before the Honorable Lisa Godbey Wood for his Change of Plea, or Rule 11, hearing. Judge Wood asked Mendosa if he understood what it meant to plead guilty, whether he was entering into the plea agreement knowingly and voluntarily, and to which charge he was pleading guilty. (CR508-7, Doc. No. 1139, pp. 7-14). Judge Wood informed Mendosa that the maximum penalty he faced, per the applicable statute, was "not more than twenty years['] imprisonment, a fine of not more than $1 million or both, at least three years['] supervised release, and a one hundred dollar special assessment." (Id. at p. 15). Judge Wood also informed Mendosa that the Sentencing Guidelines provide for a range for his sentence, and these Guidelines

AO 72A
(Rev. 8/82)

allow for certain factors, such as a criminal history and acceptance of responsibility. Mendosa indicated his understanding of all of these matters.

Additionally, Judge Wood asked the prosecuting Assistant United States Attorney ("AUSA") to set forth the terms of the plea agreement in open court. AUSA Darrin McCullough stated, "Under the terms of the plea agreement, the Defendant has agreed to plead guilty to the lesser included offense of Count One of the Indictment. . . . He has agreed to consent to the . . . limited appeal waiver[ ]." (Id. at p. 18). AUSA McCullough described the limited appeal waiver as:

> simply that he is giving up his right to appeal or collaterally attack the sentence, except that he may appeal the sentence in two circumstances: one, if the Court imposes a sentence above the statutory maximum; and two, if the Court, by variance or upward departure, goes above the advisory guideline range as determined by the Court and the probation officer.

(Id.).

Further, Judge Wood addressed Mendosa again about his understanding of the plea agreement.

> THE COURT: Are there any promises that anyone has made to you that are not contained in the agreement as outlined by Mr. McCullough in open court this morning?
>
> THE DEFENDANT: No, ma'am.
>
> THE COURT: Other than the promises contained in that plea agreement, has anyone made any promises to you regarding your case?
>
> THE DEFENDANT: No, ma'am.
>
> THE COURT: You understand that the plea agreement is not binding upon the Court, but if I should reject it for any reason, then you will be allowed to withdraw your plea of guilty and proceed with a plea of not guilty. Do you understand that?
>
> THE DEFENDANT: Yes, ma'am.

4

> THE COURT: Pursuant to the plea agreement that you entered into, you have agreed to waive any right to appeal the sentence imposed in your case, and that includes the waiver of any rights to collaterally attack your sentence or attack the voluntariness, providence, or factual basis for a plea of guilty entered pursuant to your agreement. There is a condition on your waiver appeal, however, that if I should pronounce a sentence that is above the applicable guideline range in your case or is an illegal sentence, then you would be able to appeal that sentence. Do you understand that?
>
> THE DEFENDANT: Yes, ma'am.

(Id. at pp. 20-21). The Government then provided a factual basis for Mendosa's plea of guilty. (Id. at pp. 23-28). After hearing from Mendosa again, Judge Wood accepted Mendosa's plea and adjudged him guilty of conspiracy to possess with intent to distribute and to distribute a quantity of methamphetamine. (Id. at p. 30).

The record clearly indicates that Mendosa understood the implications of entering a guilty plea, as well as the meaning of the limited waiver of appeal condition. In addition, Judge Wood specifically questioned Mendosa about this condition during the Rule 11 hearing. Mottola, 2010 WL 3310707, at *1. Mendosa's sentence of 158 months' imprisonment fell within the 135 to 168 months' Guidelines range (CR508-7, Doc. No. 1136, pp. 29-30), and well below the statutory maximum of 20 years' imprisonment. Mendosa's claims clearly fall within the limited waiver of appeal condition of his plea agreement, and he is not entitled to his requested relief. Likewise, Mendosa's assertion that his counsel was ineffective in failing to object to the two-level firearm enhancement does not offer Mendosa an avenue for his requested relief. Williams, 396 F.3d at 1342.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Mendosa's Motion to Vacate, Set Aside, or Correct his Sentence, filed pursuant to 28 U.S.C. § 2255, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 1st day of September, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)